945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lisa J. PAULK, Plaintiff-Appellant,
v.
CERKVENIK-ANDERSON TRAVEL, INC., doing business as College
Tours, doing business as El Caracol/Tango Palace,
Defendant-Appellee.
 No. 90-2218.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 25, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity action, plaintiff appeals the district court's order granting defendant summary judgment on plaintiff's negligence claim based on a premises liability theory.[1] Plaintiff asserts the sole issue presented on appeal is whether there exists a genuine issue of material fact concerning defendant's status as possessor of the property upon which plaintiff suffered injury. Upon careful review of the record, we determine that a material question of fact does not exist, and, therefore, we affirm the district court's award of summary judgment to defendant.
 
 
 3
 This court reviews a district court's decision granting summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). A party will be entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 4
 The following facts are undisputed: Defendant organizes and operates tours to Mazatlan, Mexico, for college students. Plaintiff travelled to Mazatlan on one of defendant's tours. As part of the tour package, plaintiff attended what was billed by defendant as a private party in a disco, El Caracol/Tango Palace. As a member of defendant's tour, plaintiff was admitted to the disco for one-half the regular admission price.
 
 
 5
 The disco featured a fire pole upon which patrons could slide down from the third floor to the first floor. Plaintiff slid down the pole expecting cushions to break her descent. The cushions, however, were not positioned around the fire pole on the first floor. Plaintiff, as a result of the uncushioned fall, broke her right leg and her left ankle.
 
 
 6
 In her complaint, plaintiff asserted that defendant
 
 
 7
 10. ... as lessee of the business premises at El Caracol/Tango Palace was a possessor of the property, and as such owed a duty to invitees to carry on its activities with reasonable care for the safety of invitees, and to protect invitees from dangerous conditions of which the invitee does not know or have reason to know.
 
 
 8
 11. [Defendant] breached its duty to Plaintiff by failing to exercise ordinary care for her safety.
 
 
 9
 Rec. vol. I, doc. 1.
 
 
 10
 Possessors of land have a duty to prevent harm to persons invited onto their property. See Mozert v. Noeding, 415 P.2d 364, 366-67 (N.M.1966) (citing Restatement (Second) of Torts § 343). Plaintiff bears the burden of establishing defendant's possession or control over the premises. See Fabian v. E.W. Bliss Co., 582 F.2d 1257, 1260 (10th Cir.1978) (in asserting negligence cause of action, plaintiff bears the burden of proving defendant owed a duty to plaintiff) (applying New Mexico law).
 
 
 11
 Although plaintiff alleged defendant was the lessee of the disco and that defendant exerted control over the premises, plaintiff has failed to produce any evidence in support of these allegations. Because she failed to make a sufficient showing tending to establish the existence of the element of defendant's control over the disco premises, which is an essential element of her premises liability claim and an element upon which plaintiff bears the burden of proof, the district court did not err in granting defendant's motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 12
 The district court's order granting defendant's motion for summary judgment is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In her complaint, plaintiff asserted three claims against defendant Cerkvenik-Anderson Travel, Inc., and one claim against El Caracol/Tango Palace. The district court dismissed the latter claim without prejudice because plaintiff failed to serve El Caracol/Tango Palace. The district court granted summary judgment in favor of defendant Cerkvenik-Anderson Travel, Inc., on all three claims. Plaintiff appeals only the district court's decision awarding summary judgment to defendant on the premises liability claim